## DICKEY v. LIVERMORE..

It is no defence to a *scire facias* upon a recognizance entered into by the appellant to the adverse party, upon an appeal from the judgment of a justice of the peace in a civil suit, that the recognizance was taken with one surety only, it appearing that the parties agreed that it should be so taken.

Nor is it a ground of defence to such *scire facias*, that after the appeal was entered in the Court of Common Pleas, the parties made an agreement in writing to refer the action, and have it dismissed from the docket of the court, it appearing that the agreement was not filed with the clerk until after two continuances of the cause in that court, and a trial by jury and verdict returned subsequent to the making of the agreement.

SCIRE FACIAS against the defendant as surety of David Child, upon a recognizance entered into upon an appeal taken by said Child from a judgment rendered by Lewis R. Morris, Esq., a justice of the peace, in an action wherein the now plaintiff was plaintiff against said Child, defendant. Plea, not liable. The facts sufficiently appear in the opinion of the court. It was

agreed by the parties that such judgment should be entered in
the case as this court might direct.

*Dickey, pro se.*

*Livermore, pro se.*

SAWYER, J.*  The plaintiff in this action, having obtained a
judgment before a justice of the peace in a suit in which he was.
plaintiff against David Child, agreed that the defendant in that
action, Child, might have his appeal from the judgment upon
entering into recognizance with one surety only, and the recog-
nizance was accordingly entered into by Child, as principal, and
the defendant in this action as his surety.  The appellant en-
tered his appeal at the April term, 1850, of the Court of Com-
mon Pleas, in which court a trial was had at the October term,
1851.  A verdict was returned for the plaintiff and judgment
rendered on the verdict.  Upon the judgment, execution was
issued, which has been returned unsatisfied ; the officer return-
ing thereon that no goods of the execution debtor could be found
on which to obtain satisfaction ; and the suit is now brought
against the surety upon the recognizance, to recover the amount
which he became liable to pay thereon.

At the April term, 1850, of the Court of Common Pleas, an
agreement was made in writing between the plaintiff and this
defendant — then acting as the attorney of the appellant, the de-
fendant in the original action — that that action should be refer-
red to Mr. Felton, with power to award costs, and that the action
should be taken out of court, and neither party entered therein
upon the docket.  But the agreement was not filed with the
clerk until the 13th of October, 1851, after the verdict had
been returned.

The agreement was one which, if made in court and filed with
the clerk, as an agreement made in term time, might and would

* PERLEY, C. J., did not sit.

have been enforced by the court, and the action would have been referred and dismissed from the docket accordingly. If, however, the parties chose to lie by and take their chance of a verdict in the Common Pleas, instead of putting the agreement on file and moving the court to dispose of the action in conformity with it, that court could not properly have enforced it at a subsequent term, after verdict; and this court cannot consider it as now having any validity to affect the disposition of the cause. It is to be considered as having been waived by the defendant in that action, and it is very clear that it is not competent for the defendant in this to set it up for the purpose of avoiding his liability on the recognizance. It is to be understood from the case that the recognizance was such in its terms as the statute requires the appellant to give to the adverse party, upon appealing from the judgment of a justice of the peace in a civil cause; namely, a recognizance in the sum of twenty dollars, conditioned that the appellant shall pay such costs as may be adjudged against him. It is competent for the appellee, for whose benefit the recognizance in such case is given, to waive the right to require two sureties. In *Farnum* v. *Davis & als.*, decided in Merrimack county, 32 N. H. 302, it was held by this court that the exception that such recognizance was with but one surety, was not a jurisdictional exception, but was one merely to the form of the proceedings in bringing the cause before the appellate court; that if the change in the phraseology of the statute, at the revision in 1843, from the words, "sufficient surety or sureties," to "sufficient sureties," is such a change as to warrant the construction that the statute now requires more than one surety, as would seem by several decisions to have become the settled doctrine, *Sandborne* v. *Pierce*, Rockingham county, July term, 1847; *Gilman* v. *Bartlett*, Hillsborough county, July term, 1848; still the statute requirement was one which could be waived by the appellee; that it was designed only to give him good security for his costs, and was not founded upon any principle of public policy that would forbid its being waived; and that, though it might not be dispensed with, except

with his consent, it could be waived by him. Such waiver in that case was held to be implied by the fact that the appeal had been entered and continued, upon an appearance by the appellee, without exception by him. A motion was made by him to dismiss the appeal, after the appearance and continuance, on the ground that the recognizance was with one surety only; and the motion was denied, on the ground that the objection was waived. If, then, it may be waived by the appellee by his neglecting to take advantage of it seasonably, *a fortiori*, it may be waived by his express agreement to that effect. The testimony of Morris, that the party expressly agreed to waive it, was therefore competent. The execution recovered by the plaintiff upon the appeal is to be supposed to have been issued upon a judgment for costs as well as debt. These costs not having been paid, and the return upon the execution showing that there are no goods of the debtor from which to obtain satisfaction, there has clearly been a breach of the condition of the recognizance, and the plaintiff is entitled to maintain this action thereon, and, according to the provision of the case, there must be

*Judgment for the plaintiff.*